## JOHNSON v. GRAND FORKS COUNTY.

### (135 N. W. 179.)

**Primary elections — statute as to fees of candidates.**

1. The fees required of candidates for nomination for county office by § 4, chap. 109, Laws of 1907, being 1 per cent of the salary, and the amount thereof bearing no relation to the services performed by the auditor in filing petitions to have the names placed upon the primary election ballot, such requirement is invalid. It is also invalid for the reason that it attaches a qualification to candidates for office, and to voters, not permitted by the Constitution.

**Primary elections — as an "election" within meaning of Constitution.**

2. Whether the primary election is an election within the meaning of that word as used in the Constitution, and as held in Johnson v. Grand Forks County, 16 N. D. 363, 125 Am. St. Rep. 662, 113 N. W. 1071, is not decided.

Opinion filed February 16, 1912.

Appeal from the judgment of the District Court of Grand Forks county; *Templeton,* J.

Note. — The question whether primary elections are "elections" within the meaning of a Constitution or statute relating to elections generally, which is referred to, but not decided, in this case, has been considered in a number of cases, which are reviewed in a note in 18 L.R.A. (N.S.) 412.

Action by Henry J. Johnson against the county of Grand Forks and another. From a judgment for plaintiff, defendant appeals.

Affirmed.

*O. B. ·Burtness,* State's Attorney, for appellants.

*Feetham & Elton,* for respondent.


SPALDING, Ch. J.    Certain candidates for county and legislative offices paid, under protest, the fees required of them by § 4, chap. 109, Laws of 1907, such fees running from $20 to $24 each. Their claims against the county of Grand Forks for a return of the sums so paid were subsequently assigned to respondent, who brought this action, setting forth in his complaint the facts entitling him to recover.    To the complaint the county interposed a general demurrer.    The demurrer was overruled and judgment entered for plaintiff.    From this judgment Grand Forks county appeals.

The respondent relies solely upon the decision of this court in the case of Johnson v. Grand Forks County, 16 N. D. 363, 125 Am. St. Rep. 662, 113 N. W. 1071, which case involved the same questions here determined, except that that decision was rendered upon the corresponding proposition in the primary election law of 1905.    In the law now under consideration the legislative assembly reduced the fee, required as a prerequisite to filing a petition for the printing of names upon the primary election ballot, one half.    We see no difference in principle. In our opinion the sum exacted, by the 1907 statute, of candidates of the class of those whose claims are before us, is still beyond all reason as compensation for services in filing the petitions, and for this reason the portion of the statute in question is invalid.

The appellant insists that this court was in error in holding that the constitutional qualifications discussed in our former opinion apply to candidates for primary nomination, and that our opinion was erroneous in holding the primary election an election within the terms and meaning of the Constitution.    The writer, at least, has been long of the opinion that a discussion of that question was unnecessary in the former case, and that, while the primary election may not be an election within the terms and meaning of the Constitution, fixing the qualifications of voters and candidates, to the full extent which that opinion appears to hold, yet that the legislative assembly cannot add to or take from such

qualifications further than is necessary to effect the purpose sought to be accomplished in providing a primary election law. It is self-evident that a primary election being provided only for party nominations, no one except adherents of parties, entitled to participate in making nominations, can vote at such elections, and that, to such extent, if a primary election law is in any sense valid the legislative assembly may limit the qualifications of voters on such occasions, as well as to confine them to their own party. We, however, do not pass upon this question further than to say that conceding, for the purposes of argument, all that appellant says in his brief would not change the result, and this question not having been discussed by respondent, and only suggested by appellant, and no authorities cited which are in point, we leave it for consideration when it is properly raised and discussed by counsel.

The judgment of the District Court is affirmed.